# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-CR-00011

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KELLY DWAIN PARKER, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 29].

The Defendant, through counsel, moves the Court for leave to file the "Report of Forensic Psychiatrist George Corvin, M.D., Exhibit 1 to the Sentencing Memorandum" [Doc. 29-1], under seal in this case. Counsel, however, does not provide any grounds to support his Motion.[1] [Doc. 29].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

---

[1] The Court also notes that the Defendant's Motion fails to provide a statement indicating why sealing is necessary as required by LCrR 32.5(d) and LCvR 6.1(c)(2). Nevertheless, the Court in its discretion will address the merits of the Defendant's Motion.

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on November 19, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time.

The Fourth Circuit has recently addressed the balancing that the Court should undertake in determining what portions, if any, should be redacted from a sentencing memorandum in a criminal case. United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). References to a defendant's cooperation are entitled to sealing and should be redacted. No such information, however, is found in the exhibit at issue here. As for other information a defendant seeks to seal, the Court should consider the materiality of the information to an understanding of the Defendant's case. The more significant the information to any relief the Defendant seeks, the less likely it should be placed in the record under seal. For instance, identities of and information regarding a defendant's family members (particularly minors) are rarely germane to the factors for sentencing and thus would ordinarily be allowed to be redacted. Id. at 492. Here, the Defendant's exhibit contains the

identities of and information regarding his family members and other pertinent individuals. However, the nature of and information regarding those adult relationships are central to Defendant's arguments. The exhibit also contains personal information regarding the Defendant's background and mental health. But this, again, is central to Defendant's arguments for a downward variance. Further, the Defendant intends to call Dr. Corvin as an expert witness at sentencing to provide testimony regarding the contents of the exhibit. However, the Defendant's sentencing hearing is public, and the Defendant has provided no basis for conducting a closed hearing. Moreover, the exhibit and Dr. Corvin's anticipated testimony, are integral to the arguments the Defendant presents in favor of the relief sought. In balancing the Defendant's right to privacy regarding matters that are peripheral to the relief he seeks against the public's right to know of the proceedings of this Court and the basis for its decisions, the Court in its discretion denies the Motion to Seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 29] is **DENIED**. If the Defendant intends to rely on the "Report of Forensic Psychiatrist George Corvin, M.D., Exhibit 1 to the Sentencing Memorandum" [Doc. 29-1], in support of his argument for a downward

variance, the Defendant shall file an unredacted version of Dr. Corvin's Report on the public docket prior to the sentencing hearing in this matter.

**IT IS SO ORDERED.**

Signed: November 28, 2018

Martin Reidinger
United States District Judge